## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                  Criminal No. 03-108(1) (DWF)

          Plaintiff,

v.                                                                              **MEMORANDUM
                                                                     OPINION AND ORDER**

Mario Ferbo Mancini,

          Defendant.

---

Robert M. Lewis, Surya Saxena, and James S. Alexander, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Mario Ferbo Mancini, *Pro Se*, Defendant.

---

## INTRODUCTION

This matter is before the Court on Defendant Mario Ferbo Mancini's ("Defendant") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 94.)  The United States of America (the "Government") opposes Defendant's motion. (Doc. No. 97.)  For the reasons set forth below, the Court denies Defendant's motion.[1]

---

[1]  Defendant has also filed a *pro se* "Request to Take Judicial Notice" (Doc. No. 101) and a *pro se* "Request to File Supplemental Appendix" (Doc. No. 102) along with supplemental exhibits (Doc. No. 101, Ex. 1; Doc. No. 103).  To the extent Defendant has requested that the Court review and consider the additional documents, the Court grants the requests and considers the submissions as part of the record.

**BACKGROUND**

On August 12, 2003, a grand jury in the District of Minnesota returned a Second Superseding Indictment against Defendant charging him with two counts of sexual exploitation of a child, pursuant to 18 U.S.C. § 2251.  (Doc. No. 37.)  On September 26, 2003, Defendant entered into a plea agreement with the Government and pled guilty to Count Two of the Second Superseding Indictment.  (Doc. No. 48, Plea Agmt.)

On January 20, 2004, this Court sentenced Defendant to a total term of 235 months (to run consecutively to his state sentence), followed by a five-year period of supervised release.  (Doc. Nos. 59, 60.)  On January 27, 2004, Defendant filed a *pro se* notice of appeal to the Eighth Circuit Court of Appeals (Doc. No. 61), and on January 28, 2004, defense counsel filed a second notice of appeal (Doc. No. 62).  The Government moved to dismiss Defendant's appeal on the ground that Defendant executed a valid waiver of his right to appeal.  The Eighth Circuit ultimately granted the Government's motion and dismissed Defendant's appeal on June 18, 2004.  (Doc. No. 77.)  Defendant petitioned the Eighth Circuit for rehearing, which the panel denied on July 30, 2004.  The Eighth Circuit issued its mandate on August 6, 2004.  On August 16, 2004, Defendant submitted a *pro se* motion to correct his sentence or set aside his guilty plea (Doc. No. 78), which this Court denied on February 22, 2005 (Doc. No. 79).[2]

---

[2]   In its February 22, 2005 order, this Court noted the following:
The Sentencing Guidelines range contained within the Presentence Investigation Report was higher than the range anticipated by the parties to the Plea Agreement only because [Defendant] was found to be a criminal history category VI, rather than criminal history category V, because of his

(Footnote Continued on Next Page)

On December 9, 2011, Defendant drafted the *pro se* § 2255 motion now before the Court, which was filed on January 3, 2012.  (Doc. No. 94.)   Defendant seeks to vacate his sentence on the grounds that:   (1) equitable tolling should apply as a result of Defendant's lack of access to federal law during his time in state custody; (2) the Court improperly applied the federal sentencing guidelines because of errors in Defendant's Presentence Report ("PSR"); and (3) Defendant was denied effective assistance of counsel.   Defendant asserts that his lawyer was ineffective by failing to identify errors in the PSR and by failing to challenge the calculation of his criminal history score.

## DISCUSSION

**A.      Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard that governs this Court's review of a federal prisoner's claim that his sentence was imposed in violation of the Constitution or laws of the United States.   Such claims, however, are barred by the statute of limitations set forth in 28 U.S.C. § 2255(f), which states:

> A 1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

(Footnote Continued From Previous Page)
   prior convictions.   The Guidelines range, as found by the Presentence Report, was 188 to 235 months. The Court sentenced the Defendant to the high end of the Guidelines range at that time.
(Doc. No. 79 at 2.)

> States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). According to the statute, a prisoner seeking relief from a sentence imposed by a federal court must file his petition within one year after the court's judgment of conviction "becomes final." 28 U.S.C. § 2255(f)(1). The statute provides for a tolling of the one-year period in the event that: (1) the inmate's inability to file in a timely manner results from an impediment created by governmental action; (2) the motion relies on a right, newly recognized by the Supreme Court, that is retroactively applicable to cases on collateral review; or (3) the date on which the facts that underlie the claims presented could have been discovered through the exercise of due diligence differs from the date the conviction becomes final. 28 U.S.C. § 2255(f).

In the instant case, the Eighth Circuit issued its ruling granting the Government's motion to dismiss the appeal and entered judgment on June 18, 2004. (Doc. No. 77.) The Court of Appeals denied Defendant's petition for rehearing on July 30, 2004. Defendant's conviction thus became final no later than October 28, 2004. *See United States v. Hernandez,* 436 F.3d 851, 856 (8th Cir. 2006) (noting that a criminal defendant's conviction did not become "final" for the purposes of a § 2255 motion until ninety days after the Eighth Circuit issued its ruling on direct appeal). Consequently, the one-year

4

statutory period for filing a § 2255 motion expired by October 28, 2005.[3]  Defendant signed and dated the motion now before the Court on December 9, 2011.  (Doc. No. 94.)  The Office of the Clerk of Court received the document by mail on January 3, 2012 and filed the motion on the same date—more than six years late.  (*Id.*)  Defendant argues that equitable tolling should apply and that his motion is timely as such.[4]  The Court disagrees.

Equitable tolling is appropriate where "extraordinary circumstances" beyond a prisoner's control prevented the timely filing of a § 2255 motion, so long as "the petitioner or movant has demonstrated diligence in pursuing the matter."  *United States v. Martin,* 408 F.3d 1089, 1095 (8th Cir. 2005).  The Government asserts that no such "extraordinary circumstances" beyond Defendant's control prevented him from filing his motion.  Defendant claims that he did not have access to federal legal materials during the time he was in state custody from February 2004 to September 2009.  (Doc. No. 95 at 12.)

---

[3]  The Government argues that Defendant's conviction became final on August 9, 2004, the date on which the Eighth Circuit's judgment of dismissal was entered on this Court's docket.  (Doc. No. 77.)  The Government claims that Defendant executed a valid and enforceable waiver of appeal, thus rendering the conviction final at the time Defendant was provided notice of dismissal of his appeal.  For purposes of its timeliness analysis only, the Court presumes that Defendant was entitled to seek the full spectrum of appellate relief and that Defendant's conviction did not become final until the time for filing a petition for a writ of certiorari with the United States Supreme Court would have expired: ninety days after the Eighth Circuit's ruling on his petition for rehearing.  *See Clay v. United States*, 537 U.S. 522, 532 (2003) (acknowledging that federal defendants who do not file a petition for certiorari with the Supreme Court on direct review have one year after the time for seeking such review expires to file their § 2255 petitions).

[4]  Defendant appears to limit his argument to the doctrine of equitable tolling and does not claim that statutory tolling should apply pursuant to 28 U.S.C. § 2255(f)(4).  Still, Defendant claims that recent revisions to his criminal history points (made on September 2, 2011) constitute "newly discovered evidence" sufficient to toll the limitations period.  (*See* Doc. No. 100 at 7.)

5

Defendant cites to various requests for documents he made in June 2010 in support of his claim of diligence. None of the arguments in support of his motion (including the alleged errors in his PSR and the calculation of his criminal history score under the then-applicable Guidelines), however, are novel or could not have been raised in a timely fashion. Moreover, any negligence or mistake on the part of Defendant's lawyer does not rise to the level of an "extraordinary circumstance" that would justify equitable tolling. *See Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) ("[T]he doctrine of equitable tolling is available to a § 2255 movant, but it is available only where an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary.") (internal quotation omitted). Although Defendant claims that his attorney's failure to object to the PSR and the resulting criminal history score constitutes ineffective assistance of counsel, there is no allegation of deceit, misrepresentation, or other serious misconduct on the part of his attorney that prevented Defendant from timely filing his § 2255 motion. *See id.* The Court finds that Defendant has failed to demonstrate that he diligently pursued his claims.

Accordingly, the Court concludes that equitable tolling does not apply to Defendant's § 2255 motion. Defendant's motion is thus untimely and is subject to dismissal on that ground alone.

**B.      Ineffective Assistance of Counsel**

Even if Defendant's motion had been timely filed, he has failed to raise a viable ineffective assistance of counsel claim. Specifically, Defendant argues that counsel was ineffective by failing to identify errors in Defendant's PSR and by failing to challenge the calculation of his criminal history score.

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions.  U.S. Const. amend. VI.  In order to prevail on an ineffective assistance of counsel claim under § 2255, however, a defendant must overcome a "heavy burden."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  To overcome that burden, a defendant must first "show that counsel's performance was deficient."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*.  Second, the defendant must establish that the deficient performance actually prejudiced the defense.  *Id*.

In order to establish that there was a deficient performance, the defendant must show that the errors were not the result of a "reasonable professional judgment."  *Id*. at 690.  There is a strong presumption "that counsel . . . rendered adequate assistance."  *Id*.  A defendant must prove, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  Here, the Court concludes that Defendant has failed to meet the burden necessary to demonstrate that his counsel provided ineffective assistance.

Defendant claims that his attorney did not aggressively challenge his criminal history score and object to the PSR fail to support a claim for ineffective assistance of counsel.  The record indicates that, in fact, Mr. Shiah did object to certain information in the PSR as well as the calculation of Defendant's criminal history points at the sentencing hearing.  Defendant's claim that his attorney was ineffective by failing to raise the

7

aforementioned objections is therefore without merit.  Thus, the Court concludes that Defendant's ineffective assistance of counsel claim fails.[5]

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Defendant's claims.  A § 2255 motion can be dismissed without a hearing if:  (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Applying that standard to Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.  Not only is Defendant's motion untimely, but his ineffective assistance claims are facially inadequate.[6]

### CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

---

[5] The Court further notes that, even if the current guidelines had applied at the time of the sentencing hearing, the Court would have departed upward and imposed the same sentence in this case.  Consequently, the result of the proceeding would have been no different.

[6] The Court also notes that, pursuant to the plea agreement, Defendant waived his right "to appeal directly or collaterally his sentence on any ground, unless the sentence result[ed] from an upward departure from the guideline ranges . . . ."  (Plea Agmt. ¶ 11.)

The Court has considered whether issuance of a COA is appropriate.  *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997).   In that context, the Court concludes that no issue raised is "debatable among reasonable jurists."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*)). Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA.   28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the sentence and the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Mario Ferbo Mancini's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence (Doc. No. [94]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   July 31, 2012         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge